146 So. 47

## STATE v. MILAM GRAIN & MILLING CO., Inc.

### No. 32045.

Jan. 3, 1933.

Rehearing Denied Jan. 30, 1933.

Harry P. Sneed and Wm. J. Kearney, Jr., both of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for the State.

BRUNOT, J.

This appeal is from a judgment on a rule condemning the defendant to pay a retail license to the state for the years 1930, 1931, and 1932, with interest and attorney's fees. The sum of the judgment is $540 with 2 per cent. per month on $180 from March 1, 1930, until paid, like interest on $180 from March 1, 1931, until paid, like interest on $180 from March 1, 1932, until paid, and 10 per cent. of the sum of the principal and interest as attorney's fees.

The facts are admitted. Defendant sells its merchandise in unbroken packages only, to all purchasers, without inquiry as to whether the purchaser is a dealer or consumer. Its defense is that it does not break the original packages and, therefore, it is not a retailer. It alleges that it has paid the required wholesale license for the years 1930, 1931, and 1932; that its retail business is conducted at locations other than its manufacturing site; and that each of its retail establishments has paid a retail license for said years. The question presented is whether or not a wholesaler who sells in unbroken packages to consumers, as well as to dealers for resale, is subject to a retail license.

Section 7 of Act No. 205 of 1924, as amended by Act No. 132 of 1928, defines a "wholesaler" as follows:

"Provided, that no person or persons shall be deemed wholesale dealers unless he or they sell by the original or unbroken package or barrel only; *and provided further, that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for re-sale.* If they sell in less quantities than original unbroken package or barrel, they shall be considered retail dealers and pay license as such." (Italics by the court.)

Counsel for appellant contends that license laws are strictly construed. They cannot be

extended by construction, and omissions cannot be supplied by courts. This rule was recognized and properly adhered to in State v. Norman Mayer & Co., 170 La. 237, 127 So. 743. In that case it was found that the vocation sought to be taxed was not included in any provision of the license laws of the state. That is not true of this case. In our opinion, the provision of section 7 of the license act of 1924, quoted supra, admits of but one interpretation, viz., that a wholesaler who sells in unbroken packages direct to consumers, or one who sells in broken packages to dealers, for resale, is subject to the payment of a retail license. There is nothing in this record to indicate the volume of retail business done by the appellant, but the sum of the license claimed is set forth in a properly attested rule, and, therefore, the burden was upon the appellant to show that fact. Having omitted to do so, we have no alternative and must affirm the judgment appealed from.

For the reason assigned, the judgment is affirmed, at appellant's cost.

O'NIELL, C. J., dissents and hands down reasons.

O'NIELL, C. J. (dissenting).

It appears to me that the prevailing opinion in this case violates the rule which the court quoted from Cooley on Taxation, vol. 4, par. 1693, p. 3401, in State v. Norman Mayer & Co., 170 La. 340, 127 So. 743, 744, viz.:

"Statutes and ordinances imposing license and business taxes must be construed strictly in favor of the citizen and against the government. * * * License laws cannot be extended by construction, *omissions cannot be supplied by the Courts,* and no license-tax can be exacted which is not imposed by the words of the statute or ordinance." (The italics are by me.)

I have italicized the expression, "omissions cannot be supplied by the courts," because in this case, the court has supplied the word "only," where the Legislature sedulously avoided it.

A "wholesale dealer" is defined in the last paragraph of section 7 of Act No. 205 of 1924, as amended by Act No. 132 of 1928, p. 158, thus:

"Provided, that no person or persons shall be deemed wholesale dealers unless he or they sell by the original or unbroken package or barrel only; and provided further, that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for re-sale. If they sell in less quantities than original unbroken package or barrel, they shall be considered retail dealers and pay license as such."

In the prevailing opinion in this case, the court has "supplied the omission" of the word "only," in the expression "unless he or they sell to dealers for resale," so as to make the statute read, "unless he or they sell only to dealers for resale." And the court has also supplied the omission in the further explanation of the statute: "If they sell in less quantities than original unbroken package or barrel, they shall be considered retail dealers and pay license as such." The court has added, substantially, this: "Or, if they sell to consumers, or to others than dealers for resale, even though they sell 'by the original or unbroken package or barrel only,' they shall be considered retail dealers and pay license as such."

What the Legislature has said in this statute—as plainly as language can be written—is that a dealer is a wholesale dealer, and not a retail dealer, if he sells only in original or unbroken packages or barrels, and sells to dealers for resale; but the Legislature has not said that a wholesale dealer must sell *only* to dealers for resale, in order to avoid being classed as a retail dealer. On the contrary, the Legislature has emphasized the meaning of the law by repeating that a dealer shall be considered a retail dealer, and shall pay a license tax as such, if he sells in less quantities than in original or unbroken packages or barrels; but it is not said that the dealer shall be considered a retail dealer, and shall pay a license tax as such, if he sells to both dealers for resale and others than dealers for resale, but sells only in the original or unbroken packages or barrels.

I do not see any reason to doubt that the Legislature intended this statute to be read exactly as it is written. The interpolation of the word *only*, where the Legislature has so sedulously omitted it, makes the statute more rigorous than the Legislature made it—and is more like making than interpreting the law.